UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONNA GUMM, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| BEXAR COUNTY, § | | SA-05-CA-0521 NN |
| § | | |
| Defendant. § | | |

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL (Docket Entry 23)**

**I. Statement of the Case**

Plaintiff Donna Gumm brings this Title VII employment discrimination action against Bexar County. Plaintiff alleged that her former employer, the Bexar County Sheriff's Department, subjected her to sexual harassment and bias.[1]

Plaintiff began working for defendant on June 21, 2001, as a processing clerk in the Criminal Investigation Control Records Division. Shortly thereafter, she allegedly began experiencing bias and discrimination. On January 8, 2003, plaintiff requested reassignment to a different area, and defendant transferred her to the East Substation at Windsor Park Mall. According to plaintiff the bias and discrimination followed her.[2]

On March 26, 2003, plaintiff filed a grievance against Gail Morozoff, a fellow employee at the substation, that included a complaint of a hostile sexual environment. Plaintiff alleged that defendant failed to "take action" on her complaint and put a copy of the grievance in her personnel file.

---

[1] Docket Entry 1.

[2] **Id.** at ¶ 7.

On September 17, 2003, plaintiff filed an appeal of the decision on her grievance with the Bexar County Sheriff's Civil Service Commission. Plaintiff alleges that the Sheriff's Department concluded that the issue was moot, and then proceeded to retaliate against plaintiff for bringing a grievance based, in part, on discrimination.[3]

Specifically, on February 12, 2004, plaintiff received a letter of reprimand from Ralph Serrano ("Serrano"), Manager of Central Records. Plaintiff alleges that Serrano wanted her fired. She was ordered to report to the Bexar County Sheriff's Professional Standards and Integrity Division on August 31, 2004, for alleged misconduct. On September 8, 2004, plaintiff was ordered on administrative leave pending the completion of the investigation into the alleged misconduct.[4] On October 25, 2004, the Sheriff's Office ordered plaintiff to submit to a physical and psychological fitness for duty evaluation. Plaintiff alleges that her work environment became so unbearable that she was forced to resign from her position.[5]

On June 6, 2006, plaintiff commenced the instant action. Subsequently, her counsel, Jesse R. Castillo and the Law Firm of Martin, Drought & Torres, Inc., withdrew from the case.[6] Plaintiff has proceeded *pro se* since that time and appeared on her own behalf at the pretrial conference held on May 31, 2006.[7]

## II. Discussion

---

[3] **Id.** at ¶ 8.

[4] **Id.** at ¶ 9.

[5] **Id.** at ¶ 10.

[6] Docket Entries 12, 13.

[7] Docket Entry 20.

Title VII, provides that "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."[8] Although this section grants the right to request an attorney, it does not confer a right to actually have one appointed. The decision whether to appoint an attorney is one within the broad discretion of the trial judge given the particular facts of the case.[9] The following three factors are generally balanced by courts in determining whether to appoint an attorney: (1) the merits of the claim; (2) the plaintiff's own efforts to secure private counsel; and (3) the plaintiff's financial ability to retain private counsel.[10] Several courts also consider a plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney, and the Fifth Circuit has recognized the correctness of such further inquiry.[11]

### A.   Merits of the Case

At this juncture of the case, there is insufficient information to determine if plaintiff's Title VII case has merit. Plaintiff did not attach any supporting documents to her complaint, and there is currently no evidence in the record of the events underlying her complaint. Defendant generally denied plaintiff's allegations of discrimination and retaliation. Defendant also denied that plaintiff was constructively discharged from her employment.[12] Therefore, the record is too sketchy at this point to determine whether plaintiff's claims have merit, and this factor weighs

---

[8] 42 U.S.C. § 2000e-5(f)(1).

[9] **Gonzalez v. Carlin**, 907 F.2d 573, 579 (5th Cir. 1990); **Reado v. Texas General Land Office**, 929 F. Supp. 1046, 1051-52 (E.D. Tex. 1996) (district court adopted magistrate judge's recommendation denying appointment of counsel to plaintiff who had brought claims under Title VII and the ADEA).

[10] **Carlin**, 907 F.2d at 580; **Reado**, 929 F. Supp. at 1052. **See also Salmon v. Corpus Christi Indep. Sch. Dist.**, 911 F.2d 1165, 1166 (5th Cir. 1990); **Neal v. IAM Local Lodge 2386**, 722 F.2d 247, 250 (5th Cir. 1984).

[11] **Salmon**, 911 F.2d at 1166-67; **Reado**, 929 F. Supp. at 1052.

[12] Docket Entry 4.

3

against appointing counsel.

**B.      Efforts to Secure Counsel**

The record indicates that plaintiff has diligently contacted an impressive number of attorneys in an effort to retain counsel.[13]  Plaintiff contacted the Legal Aid Association and the local lawyer referral service.  Plaintiff also contacted St. Marys University School of Law for assistance.[14]  Plaintiff's diligent efforts in locating counsel on her own are sufficient enough to have this factor weigh in favor of appointing counsel.

**C.      Financial Ability to Retain Private Counsel**

In analyzing this factor, a showing of poverty as substantial as is necessary to support a motion to proceed *in forma pauperis* is not required.[15]   There need only be insufficient assets and income to enable plaintiff to afford an attorney to investigate and file his claim.  There is no evidence in the record of plaintiff's financial ability to pay for her own counsel.  Plaintiff was initially represented, and she discharged her attorney.[20]  Accordingly, this factor weighs heavily against appointing counsel.

**D.      Plaintiff's Ability to Present Her Case**

 It appears that plaintiff has the ability to prosecute her case.  Although she did not graduate from high school, she earned her GED in 1977.  She attended college taking classes in computer information systems, and has extensive professional services work experience.[21]

---

[13] Docket Entry 13 at 1-2.

[14] **Id.** at 2.

[15] **Reado**, 929 F. Supp. at 1053 (citing **Ivey v. Board of Regents**, 673 F.2d 266 (9th Cir. 1982)).

[20] Docket Entry 12.

[21] Docket Entry 23 at 3.

Plaintiff appeared at the pretrial scheduling conference on her own behalf.  While she expressed reservations about representing herself, she also expressed determination to proceed with her case.  Accordingly, plaintiff has demonstrated an ability and resolve to represent herself.

### III.  Conclusion

After considering the relevant factors, as discussed in this Order, plaintiff's request for appointment of counsel (Docket Entry 2) is **DENIED**.

**SIGNED** on September 21, 2006.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE